## Furman v. Karr

*High, Swartz, Flynn & Roberts*, for plaintiff.
*A. Clarence Emery*, for defendant.

KNIGHT, P. J., September 29, 1947.—The verdict was for plaintiff, and defendant has filed motions for new trial and judgment n. o. v.

The record discloses that defendant failed to file a point for binding instructions, hence the motion for judgment n. o. v. cannot be considered.

On June 30, 1944, defendant, through his agent, Louis Traiman Auction Co., offered at public sale three pieces of real estate in Bucks County. One parcel improved with buildings was sold to plaintiff as the highest bidder for $5,800; then three acres of vacant

land adjoining the above parcel were sold to plaintiff as the highest bidder for $2,300. Plaintiff entered into written agreements of purchase and sale, and paid the down money aggregating $1,215.

Before the sale plaintiff talked with the tenant in the house on the parcel he purchased for $5,800, and by reason of the information gained from him requested the auctioneer to announce the terms of the lease held by the tenant. The auctioneer then announced in the presence of plaintiff, defendant, and other bidders, that there was a valid outstanding lease on the property at $45 per month, which had about three years to run.

There was a lease on the property at $45 per month, which had about three years to run, but plaintiff discovered in August of 1944 that the property had never been registered under the Office of Price administration regulations and that the legal rent that could be charged was $30 per month, hence at the time of the sale there was not a valid lease for $45 per month, and the announcement of the auctioneer was a misrepresentation of an existing fact. Upon learning that the legal rent was $30 per month, plaintiff rescinded his agreements and demanded the return of his down money.

Subsequently, long after the time set for settlement had expired, defendant registered his property under the OPA regulations and was given the privilege of increasing the rent to $45 per month.

This suit was in assumpsit for the amount of the down money with interest. Although the trial judge left it to the jury to say if the misrepresentation was intentional, such a finding would have been manifestly against the weight of the evidence. We cannot assume that the jury made this mistake, but rather that they found the misrepresentation to have been innocent and unintentional. The trial judge carefully explained to the jury the elements they would have to find in favor of plaintiff before he could recover.

First, was there a misrepresentation of an existing fact? This was not denied by defendant.

Second, did plaintiff rely upon the representation, and did he have a right to rely upon it? The representation was made openly at a public auction sale. It was made by an agent of defendant for the information of the bidders in order that they might govern their bids accordingly. It was designed to be acted upon and plaintiff had a right to rely upon it and the jury could well believe his statement that he did rely upon it.

Third, was the misrepresentation of the amount of rent material? The lease had about three years to run, and the difference in rent was $15 per month. Under the circumstances we cannot say that the jury abused its discretion in finding that the misrepresentation was material, particularly in the absence of any offer by the defendant to reduce the purchase price to offset the loss in rent.

Plaintiff first brought an action in trespass against defendant, which was ended by voluntary nonsuit. Then this action in assumpsit was started. In arguing for a nonsuit and in his brief, counsel for defendant contends that having brought his action in trespass plaintiff has elected to pursue that remedy and is now barred from bringing this action in assumpsit. He cites digest authority in support of his contention. An examination of this authority shows that the rule only applies when the theories of the two actions are inconsistent. There is nothing inconsistent in the theories of the two actions in the present instance, both are based on the same allegation of fraud on the part of defendant. They were concurrent remedies, and the voluntary withdrawal of one before recovery would not bar the bringing of the other.

And now, September 29, 1947, the motions for judgment n. o. v. and for a new trial are overruled.